## COURTENEY C. NAIRN
### *v.*
## LUCE, CREHORE, & CO. ET AL.

---

San Juan, Law, No. 439.

A verdict for $76.60 was returned in a case claiming $2,000, and defendant moved for a rule that (under U. S. Rev. Stat. § 968, U. S. Comp. Stat. 1901, p. 702) the plaintiff pay costs. Such a motion is directed to the sound discretion of the court, and in this case is denied.

Order filed June 1, 1907.

---

*Mr. Joseph Anderson, Jr.,* attorney for plaintiff.

*Mr. Francis H. Dexter,* attorney for defendants.

RODEY, Judge, delivered the following opinion:

On the 30th of April, during the present term of this court, this cause was tried before a jury, and because, during the trial, the defendant admitted owing the plaintiff a certain sum of money, the court instructed the jury that as to those items they must, at all events, find for the plaintiff. Other issues in the case were submitted to the jury under the court's instructions. The verdict was for the plaintiff for $76.60. A motion for a new trial in the premises is now before us, and asks for it on the

ground that the verdict was contrary to the evidence and con-- trary to the direct and clear instruction of the court.

The case is still fresh in our mind, and we feel that it was. properly and fairly submitted to the jury, and that there is no good ground for a new trial in the premises. The motion in that behalf will, therefore, be overruled, and it is so ordered.

A motion on behalf of the defendants to tax the costs against the plaintiff is also before us. This motion is made on the ground that, the judgment being less than the jurisdictional amount of this court, the costs should be paid by the plaintiff,. under § 968, U. S. Rev. Stat. (U. S. Comp. Stat. 1901, p. 702).. Of course, the action was originally brought for a claim ($2,- 000) large enough to come within the jurisdiction. Under an amendment to the Foraker act, jurisdiction here is fixed at the sum of $1,000. We have examined the section of the statute referred to, and do not think it applies in this particular sort of case, but, in any event, the matter is left, by the very terms. of the statute, in our discretion. If defendants had, with their answer, tendered the amount they afterwards, during the trial,. admitted they owed plaintiff, they might be in a better position to make this request. Under all the circumstances we feel con- strained to overrule the motion, and it is so ordered.